BAILES, Judge.
This is an appeal from a judgment of the district court in favor of plaintiff-appellee which was awarded under the uninsured motorist provision of an automobile public liability policy issued by defendant-appellant, Employers’ Liability Assurance -Corporation, Ltd., to the plaintiff.
The accident in which plaintiff was injured occurred on April 26, 1964, on State Highway No. 38 about eight miles west of Kentwood, Louisiana. At this time plaintiff’s vehicle was being driven by her son, Jessie B. Harrell, and plaintiff was a pas-' senger occupying the right front seat. As the vehicle occupied by the plaintiff was proceeding west on said highway, a vehicle driven by Marvin D. Allen, Jr., traveling east made an abrupt left turn in front of and across the path of the Harrell vehicle at such a time and in such a manner that the driver of the Harrell vehicle was unable to stop or otherwise avoid colliding with the Allen vehicle. The plaintiff’s ve- *168 hide struck the Allen vehicle on the right front fender.
Plaintiff brought suit against both Allen and her insurer, the appellant herein. Employers. filed third party petition naming both Allen and Jessie B. Harrell third party defendants and prayed for judgment against them in solido in the event judgment on plaintiffs main demand was adverse to it.
The trial court rendered judgment in favor of the plaintiff and against both defendants in the amount of $4,500 together with legal interest from date of judicial demand. On the third party demand of the defendant, Employers, the trial court awarded judgment in Employers’ favor and against defendant Allen in the same amount. The defendant Allen made no appearance as a party to this action and has not appealed from the judgment rendered against him by the trial court. Thus, as to him, the judgment is final.
The plaintiff has answered the appeal praying for an increase in the amount of the judgment to the sum of $5,000 and for an award of $680.30 for medical expenses allegedly recoverable under the medical payments feature of her automobile public liability insurance policy, which by the terms thereof is limited to the sum of $1,000. Although in her petition initiating this proceeding in the trial court plaintiff alleged she was due and did pray for statutory penalties, she has made no claim therefor in her answer to this appeal, and she has not contended therefor in her brief, therefore we will consider the statutory penalty portion of her claim abandoned.
The sole specification of error assigned by the defendant-appellant to the judgment of the district court is that it abused its discretion in making an excessive award to the plaintiff for the injuries which she allegedly suffered in this accident. From our consideration of the case from the record, we find the award of the trial court of $4500 to be excessive, and we find that the trial court erred in not awarding the plaintiff judgment for the medical expenses which were legally proved. To this extent the judgment of the trial court will be amended and affirmed.
In support of her claim for damages, the plaintiff introduced the testimony of Dr. Carlton Faller, a general practitioner in Kentwood, Louisiana, who treated her immediately following the accident. He testified that she had abrasions and contusions of the left upper arm, left knee, left thigh, left breast and had a contusion over the frontal side of the left forehead. She was admitted to the hospital overnight for observation. He stated that he treated the plaintiff with muscle relaxants, heat, and medication for pain. As late as June 6, 1964, the plaintiff was still experiencing pain from her left knee which occasionally gave way and caused her to fall. He stated that the braising of the left breast resulted in a firm lump forming in the breast which dissolved after approximately four months. Dr. Faller treated the plaintiff until April 2, 1965, for her chest pains and on this date made an appointment for her to be seen at Oschner Foundation Hospital. He stated that she would have been unable to perform work around the family’s dairy for at least three months.
At the clinic the plaintiff was examined by five doctors, and Dr. Richard Lange, a specialist in internal medicine, testified as to the results of the clinical consultation between the doctors. They concluded that the plaintiff was suffering from Tietze’s syndrome which was apparently the result of a chest injury. This syndrome, he explained, is pain at the costal cartilage junction where the cartilage attaches the rib to the sternum. He stated that there tends to be swelling of this area and inflammation of the costal cartilage junction. These doctors advised the plaintiff to subject this area to infra-red moist heat twice a day and prescribed certain antiinflammatory drugs to be taken.
*169 The plaintiff began to complain of a rash on her legs and arms during the month of September and of general weariness. Dr. Faller testified that while the rash was severe, it had no connection to the accident. He stated that it was possible to have such a rash as a reaction to certain medications hut further stated that he believed the plaintiff’s rash was caused by contact with something rather than by medication since it was localized and did not spread over her entire body. Dr. Faller further testified that the sleepiness and tiredness of which the plaintiff complained was the result of anemia. He stated that while the use of cortisone, which he had given the plaintiff, over a prolonged period can make a person anemic, it was his opinion that she had not used enough of it to cause this side effect.
The plaintiff testified that her chest, left knee, left forehead, left thigh, and hands were bruised in the accident. She stated that at the time of the trial, her chest and left knee were still troubling her. She testified that prior to the accident she had never had any occurrences of anemia nor had she experienced any skin disorder. She further testified that she has been unable to perform household duties and has been unable to assist her son with the operating of their dairy. Her testimony was substantiated by the testimony of her son, Jessie B. Harrell.
From our appreciation of the evidence of the injuries of the plaintiff, we believe the trial court’s award of $4,500 is excessive and should be reduced. We find that substantial justice will be done between the parties by an award of $3,000 in favor of plaintiff.
According to the testimony of her own physician, we are constrained to find that the plaintiff has failed to prove a causal connection between the injuries received in the accident and the skin rash and anemia which she suffered.
As to the recovery by the plaintiff of the medical expenses incurred in the treatment of her injuries, the only legally acceptable proof of these expenses is the sum of $224 owed to Ochsner Clinic and the sum of $110.70 owed either to Dr. Faller or Pike Hospital at Kentwood, Louisiana. We find plaintiff is entitled to an award for these two medical bills.
For the foregoing reasons, there is judgment herein in favor of plaintiff and against the defendant, Employers’ Liability Assurance Corporation, Ltd., in the full sum of $3,334.70 together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings
Amended and affirmed.